The STATE of Ohio, Appellee,

v.

HALL, Appellant.

[Cite as *State v. Hall* (2000), 138 Ohio App.3d 522.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–990402.

Decided June 23, 2000.

*Michael K. Allen,* Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for appellee.

*Stephen J. Wenke,* for appellant.

*Per Curiam.*

Defendant-appellant Rick D. Hall has taken the instant appeal from his adjudication as a sexual predator. He advances on appeal four assignments of error, the last of which challenges the balance struck by the common pleas court in weighing the evidence adduced at the sexual-predator hearing. We find this challenge to be well taken, and, on that basis, we reverse the judgment of the common pleas court.

In May 1993, the Hamilton County Grand Jury returned a three-count indictment, charging Hall with felonious sexual penetration, rape, and gross sexual imposition in connection with three temporally separate incidents, involving three separate victims, during the summer of 1991. Hall subsequently entered into a plea arrangement, pursuant to which he agreed to plead guilty in exchange for a reduction in the charges. In July 1993, the trial court accepted the pleas and found Hall guilty of a single count of attempted felonious sexual penetration and two counts of gross sexual imposition. The court ordered a presentence investigation and, following a hearing, imposed concurrent terms of imprisonment of three-to-fifteen years for attempted felonious sexual penetration and six months each on the two counts of gross sexual imposition. Hall pursued no direct appeal from his convictions, and, in May 1997, this court affirmed the common pleas court's dismissal of Hall's petition for postconviction relief.

In April 1999, almost six years into his confinement and eight years after his commission of the sexually-oriented offenses for which he had been confined, Hall was ordered to be returned from the penitentiary for a hearing to determine if he should be classified as a sexual predator. On May 6, 1999, based upon the matters presented at the hearing, the common pleas court found Hall to be a sexual predator and entered judgment accordingly. From that judgment, Hall has appealed.

■ We address first the challenge presented in the fourth assignment of error to the balance struck by the common pleas court in weighing the evidence adduced at the sexual-predator hearing. We find this challenge to be well taken.

R.C. 2950.01(E) defines a "sexual predator" as one "who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(C) governs sexual-predator classification proceedings for sexually-oriented offenders like Hall who have been convicted of and remain confined for sexually-oriented offenses committed prior to January 1, 1997.

The determination that a sexually-oriented offender is likely to engage in future sex offenses, and should thus be classified as a sexual predator, must be made at a hearing, by clear and convincing evidence, based upon "all relevant factors." See R.C. 2950.09(C)(2). At the hearing, the offender is entitled to representation by counsel, to testify on his own behalf, and to call and cross-examine witnesses. See *id.* The factors relevant to the offender's likelihood of recidivism "includ[e], but [are] not limited to," the offender's age and mental illness or instability; his prior criminal record and completion of a sentence for any prior conviction; his participation in available sex-offender programs while under sentence for a prior sex offense; the victim's age and whether the sexually-oriented offense involved multiple victims; the "nature" of the offender's sexual interaction with the victim and whether it was part of a "demonstrated pattern of abuse"; the offender's display or threat of "cruelty" in committing the offense; his use of drugs or alcohol to impair the victim's resistance; and any "additional behavioral characteristics" of the offender that contributed to his conduct. See R.C. 2950.09(C)(2) and 2950.09(B)(2)(a) through (j).

In the proceedings below, the common pleas court based its classification of Hall as a sexual predator upon the record of the proceedings that had culminated in Hall's convictions and the matters that were adduced at the sexual-predator hearing. The indictment, as explicated by the state's response to Hall's request for a bill of particulars, charged that Hall, on separate but undetermined dates in the summer of 1991, had done the following by force or threat of force: (1) inserted his finger into the vaginal cavity of his eleven- or twelve-year-old niece, as she lay sleeping in his apartment; (2) engaged in vaginal intercourse with his sixteen-year-old niece, again in his apartment, while she was an overnight guest; and (3) grabbed the buttocks and breasts of a third female, whom the charging instrument named, but whose age and relationship to Hall it did not specify.

The prosecutor, in her recitation of the facts at the plea hearing, reiterated the allegations of the indictment and the bill of particulars. She went on to explain that the victims were present at the apartment where the offenses had taken

place because all three were nieces of Hall's wife. She then added that the victim in the indictment's third count was fifteen years old at the time of the offense.

The report of the presentence investigation, prepared and submitted in July 1993, disclosed that Hall was twenty-six years old at the time of the offenses. The report also showed that Hall had, in 1986, been convicted of burglary, for which he had been sentenced to a term of imprisonment of four years; that he had been convicted of driving under the influence in November 1991; and that a domestic-violence charge had been made and then dismissed in January 1993. The report contained Hall's uncontradicted denial of a history of mental illness or instability and his admission of past substance abuse. The report further reflected that, despite his guilty pleas and his expression of remorse and prayer for rehabilitative punishment at the sentencing hearing, Hall continued to "den[y] involvement in the offenses" and maintained that the victims' allegations were the byproducts of "a continual family feud [over] the past four years."

At the May 1999 sexual-predator hearing, the prosecution presented as its only witness the police officer who had investigated the charges against Hall. On direct examination, the officer provided no additional information concerning Hall or his offenses. He simply stated that he had interviewed the three victims and then identified Hall as the subject of his investigation. Defense counsel declined to cross-examine the officer, and the court, in the course of its brief interrogation of the officer, merely confirmed the victims' ages and their sibling relationship. The court then acceded to the prosecution's request that it consider the report of the presentence investigation and "note[d] for the record * * * [its] possession [of] a letter from the Ohio Department of Rehabilitation and Corrections[,] asking that this be set for a sexual predator hearing, and * * * [the] Sexual Predator Screening Instrument."

Hall presented no evidence at the hearing, electing instead to proceed to argument on various constitutional challenges. The court overruled the constitutional challenges and proceeded to judgment on the matter. Specifically, the court found "beyond clear and convincing evidence" that Hall was a sexual predator, based upon the R.C. 2950.09(B) factors, "including the offender's age, * * * the victims' ages at the time," the number of victims, and the fact that "the convictions involved very, very serious offenses of a sexual nature."

We note, preliminarily, that neither the letter from the Ohio Department of Rehabilitation and Correction requesting a sexual-predator hearing nor the "Sexual Predator Screening Instrument" was introduced into evidence in the proceedings below. Accordingly, they are not a part of the record on appeal. See *State v. Whorton* (Aug. 21, 1998), Hamilton App. No. C–970901, unreported, 1998 WL 515964 (declaring that matters contained in the sexual-predator screen-

ing instrument are not reliable hearsay on which a court should base its sexual-predator determination).

The balance of the evidence adduced at Hall's sexual-predator hearing disclosed nothing more than what was known before the hearing, *i.e.*, that Hall had, almost six years previously, pleaded guilty to and been convicted of committing, almost eight years previously, three sexually-oriented offenses. The reprehensible nature of those offenses, and the suitability of severe sanctions for their commission, is beyond cavil. However, R.C. Chapter 2950 imposed upon the prosecution the burden of proving, by clear and convincing evidence, not only that Hall "ha[d] been convicted of or pleaded guilty to committing a sexually oriented offense," but also that he was "likely to engage in the future in one or more sexually oriented offenses." See R.C. 2950.01(E). This the prosecution failed to do. We, therefore, hold that the common pleas court's classification of Hall as a sexual predator was contrary to the manifest weight of the evidence and, accordingly, sustain the fourth assignment of error. See *State v. Pryor* (Mar. 10, 2000), Hamilton App. No. C–990497, unreported, 2000 WL 262383 (holding that defendant's sexual-predator classification was contrary to the manifest weight of the evidence, when it was based solely upon evidence of the circumstances surrounding sexually-oriented offenses committed twelve years previously); accord *State v. Bass* (May 12, 2000), Hamilton App. No. C–990529, unreported, 2000 WL 569567; *State v. Higgins* (Apr. 14, 2000), Hamilton App. No. C–990615, unreported, 2000 WL 376426; see, also, *State v. Hicks* (1998), 128 Ohio App.3d 647, 650, 716 N.E.2d 279, 280 (noting that the legislation's requirement of a sexual-predator hearing suggests that the legislature did not intend that a conviction for a sexually-oriented offense automatically confer upon the offender sexual-predator status); accord *Higgins, supra; State v. Ward* (1999), 130 Ohio App.3d 551, 561, 720 N.E.2d 603, 610. In doing so, we reiterate our admonition in *Pryor, supra,* that our holding is based upon our assessment of the strength of the evidence adduced at the hearing below and, as such, is limited to the facts of this case. Accord *Higgins, supra.*

Hall contends in his first assignment of error that R.C. Chapter 2950 violates the Ex Post Facto Clause of the United States Constitution and the Retroactivity Clause of the Ohio Constitution. In his second assignment of error, he asserts that the sexual-predator legislation violates the Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. In his third assignment of error, he contends that R.C. Chapter 2950 is unconstitutionally vague. The effect of our determination under the fourth assignment of error, that the judgment of the common pleas court was contrary to the manifest weight of the evidence, is to render moot the challenges advanced in the first, second, and third assignments of error. Even if that were

not the case, and the challenges therein presented somehow retained their vitality, the Ohio Supreme Court's decisions in *State v. Cook* (1998), 83 Ohio St.3d 404, 700 N.E.2d 570, and *State v. Williams* (2000), 88 Ohio St.3d 513, 728 N.E.2d 342, would be dispositive.

Having thus sustained Hall's fourth assignment of error upon our determination that Hall's sexual-predator classification was contrary to the manifest weight of the evidence, we reverse the judgment of the court below and remand this case for further proceedings consistent with law and this decision.

*Judgment reversed*
*and cause remanded.*

SUNDERMANN, P.J., WINKLER and SHANNON, JJ., concur.

RAYMOND E. SHANNON, J., retired, of the First Appellate District, sitting by assignment.