[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Avis M. Epps, appeals her classification as a sexual predator pursuant to R.C. Chapter 2950. In her first assignment of error, Epps contends that the trial court's judgment finding her to be a sexual predator is against the manifest weight of the evidence. While a sexual-predator case involving a female offender is unusual, it is not unprecedented. See State v. Hardie (2001), 141 Ohio App.3d 1,749 N.E.2d 792; State v. Pavlick (Dec. 20, 1999), Holmes App. No. 98-CA-002, unreported; State v. Thomas (Mar. 27, 1998), Green App. No. 97 CA 86, unreported. After reviewing the record, we hold that the trial court had sufficient evidence before it to produce a firm belief or conviction that Epps is likely to commit another sexual offense. Consequently, the court properly found by clear and convincing evidence that Epps is a sexual predator. See R.C. 2950.09(B)(3); State v. Cook
(1998), 83 Ohio St.3d 404, 7000 N.E.2d 570; State v. Lance (Feb. 13, 1998), Hamilton App. Nos. C-970301, C-970282 and C-970283, unreported, affirmed (1998), 84 Ohio St.3d 17, 701 N.E.2d 692.
This case is unlike recent cases in which this court has reversed sexual predator adjudications as being against the manifest weight of the evidence. In those cases, the state's evidence concerned only the facts and circumstances of the original sexually-oriented offense, the offender had no other significant criminal history and the offender presented unrebutted evidence that he or she had engaged in substantial rehabilitative efforts while in prison. See State v. Hall (2000),138 Ohio App.3d 522, 741 N.E.2d 910; State v. Lewis (Dec. 8, 2000), Hamilton App. No. C-000217, unreported; State v. Bass (May 12, 2000), Hamilton App. No. C-990529, unreported.
In this case, Epps committed not one, but three separate sexually-oriented offenses. While she did engage in rehabilitative efforts, she had a significant disciplinary record while in prison. She contended that the offenses she had committed were the result of an abusive relationship. However, a recent psychiatric report prepared for a sexual-predator hearing in another county expressed doubt about her ability to remain free of abusive relationships. Further, the egregious nature of her offenses, which involved her own minor daughter, while not the sole deciding factor, carries significant weight. See State v.Eppinger (2001), 91 Ohio St.3d 158, 743 N.E.2d 881; State v. Jones (Dec. 22, 2000), Hamilton App. No. C-000311, unreported. Under the circumstances, the trial court did not err in classifying Epps as a sexual predator, and we overrule her first assignment of error.
In her second assignment of error, Epps contends her counsel was ineffective for failing to raise constitutional issues and for failing to object to alleged evidentiary errors by the trial court. Because a sexual-predator hearing is civil, not criminal, the Sixth Amendment right to counsel is not implicated. Nevertheless, R.C. 2950.09(B)(1) provides the offender with a right to counsel in a sexual-predator hearing and due process requires the effective assistance of counsel. State v. Slatton
(Mar. 5, 2001), Butler App. No. CA2000-03-051, unreported; State v.Wilson (Nov. 13, 2000), Fayette App. No. CA99-09-024, unreported; Statev. Whorton (Aug. 21, 1998), Hamilton App. No. C-970901, unreported.
Both the Supreme Court and this court have held that Ohio's sexual predator statutes are constitutional and, therefore, Epps was not prejudiced by her counsel's failure to raise constitutional issues. SeeState v. Williams (2000), 88 Ohio St.3d 513, 728 N.E.2d 342; Cook,supra; Lance, supra. Further, Epps has not demonstrated that, but for counsel's unprofessional errors, the results of the proceedings would have been different. Consequently, she has failed to meet her burden to show ineffective assistance of counsel, and we overrule her second assignment of error. See Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052; State v. Hamblin (1988), 37 Ohio St.3d 153, 524 N.E.2d 476;Wilson, supra.
In her third assignment of error, Epps argues that because she is serving two consecutive life sentences, her classification as a sexual predator does not serve the legislative purpose of protecting the public and instead only serves as retribution. Therefore, the classification is punitive and violates the prohibition against ex post facto laws in the U.S. Constitution and retroactive laws in the Ohio constitution.
The Ohio Supreme Court has specifically held that Ohio's sexual-predator statutes, as applied to conduct prior to the effective date of the statute, do not violate the Retroactivity Clause of the Ohio Constitution or the Ex Post Facto Clause of the U.S. Constitution. Cook,supra, paragraphs one and two of the syllabus. The length of the offenders' sentence is irrelevant to those constitutional issues. Further, the record reveals that Epps could possibly obtain parole in January 2003. She contends that possibility is remote, but provides no support for that claim. Under the circumstances, we cannot hold that Epps's sexual-predator classification was unconstitutional. We, therefore, overrule her third assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.