OPINION
Appellant Craig Kilgore appeals the decision of the Court of Common Pleas, Richland County, determining that he was a sexual predator pursuant to R.C. 2950.09(C). The following facts give rise to this appeal.
In 1978, appellant pled guilty to one count of rape, for which he received a sentence of five to twenty-five years. Appellant was paroled in 1987. However, in 1989, appellant pled guilty to a second sexually oriented offense, sexual battery. He was thereupon sentenced to a consecutive two-year term.
In 1997, the warden of the Ohio penal institution in which appellee was incarcerated recommended that appellee be classified a sexual predator. Prior to hearing, appellant filed a motion challenging the constitutionality of R.C. Chapter 2950. On August 19, 1997, the trial court issued a judgment entry finding R.C. Chapter 2950 unconstitutional on ex post facto and retroactivity grounds. At that time, the State of Ohio appealed, arguing that R.C. Chapter 2950 was not violative of Sections 9 and 10, Article I of the United States Constitution and Article II, Section 28 of the Ohio Constitution. On February 22, 1999, we reversed the judgment of the trial court and remanded the matter for further proceedings. See State v. Kilgore (Feb. 22, 1999), Richland App. No. 97 CA 79, unreported.
Pursuant to our remand, the trial court set the matter for hearing on December 27, 2000. Following a joint submission of three reports from the Adult Parole Authority as exhibits, appellant testified on his own behalf. After reviewing the evidence and arguments, the trial court issued a decision on January 4, 2001, designating appellant a sexual predator.
Appellant herein appeals the trial court's determination and assigns the following two Assignments of Error for our consideration:
 I. THE TRIAL COURT'S DETERMINATION THAT APPELLANT IS A "SEXUAL PREDATOR" IS UNSUPPORTED BY EVIDENCE SUFFICIENT TO MEET THE "CLEAR AND CONVINCING" STANDARD.
 II. THE TRIAL COURT'S DETERMINATION THAT APPELLANT IS A "SEXUAL PREDATOR" IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I., II.
In his Assignments of Error, appellant maintains the trial court erred when it classified him a sexual predator because the finding is not supported by the evidence. We disagree. In State v. Cook (1998),83 Ohio St.3d 404, the Ohio Supreme Court determined that R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review both Assignments of Error together under the standard of review contained in C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279. Under this standard, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. Id. at syllabus. R.C. 2950.01(E) defines "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination:
 (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
In classifying appellant a sexual predator, the trial court considered the above factors, indicating in the record the court's particular concern about appellant's prior criminal record regarding all offenses, which it labeled as "the most telling factor." Tr. at 16. The court noted that despite appellant's imprisonment from 1978 to 1987 on the first rape conviction, upon his parole release he participated in two of the same types of crimes again. In 1989, as previously noted, appellant was convicted of sexual battery. As in 1978, when appellant broke into a woman's apartment during the night, the 1989 act of sexual battery was perpetrated against a stranger, a woman observed by appellant sleeping in her vehicle, who was then forced into a nearby field. The trial court also reviewed appellant's 1987 conviction for public intoxication and criminal trespassing. In that case, appellant was discovered peeping through the window of a woman's house late at night, having been engaged in this activity for over two hours. This victim was likewise a virtual stranger, having met appellant just a few days before the incident, when he appeared at her residence offering to mow her lawn in exchange for a few dollars. Finally, the trial court also made reference to appellant's admitted past problems with alcohol. The court summarized:
 The fact he had already been in prison once and then came out and did the same sort of a thing again, that tells me he has rather strong tendencies which need to be taken into account here. And because we have more than one victim or multiple crimes. It is multiple victims. Not the same crime in each case. We have talked about the nature of the defendant's activities with the victims. And it is a part of the same pattern.
Tr. at 18.
In support of his Assignments of Error, appellant cites decisions from the First and Eighth Districts, State v. Hall (2000), 138 Ohio App.3d 522, and State v. Krueger (Dec. 19, 2000), Cuyahoga App. No. 76624, unreported, both of which reversed sexual predator determinations primarily due to the state's failure to adduce any further information about each defendant than what had been known before the hearing. However, even if these cases were controlling upon this Court, we would emphasize the temporal distinctions between the offenses therein and those of the case sub judice. In Hall, the offenses took place over the course of one summer; in Krueger, the offenses were perpetrated over a seventh month period. In the present case, appellant victimized two additional women even after nearly ten years of incarceration, certainly a significant factor in considering the likelihood of future offenses.
Accordingly, based on the foregoing, we find that the trial court considered the elements set forth in R.C. 2950.09(B)(2) and that there was competent, credible evidence to support the findings made by the trial court at the December 27, 2000 hearing. We further find that the evidence presented to the trial court at the hearing supports the finding that appellant is a sexual predator and is likely to engage in the future in one or more sexually oriented offenses.
Appellant's Assignments of Error are overruled.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
Pursuant to App.R. 24(A)(2), costs assessed to appellant.
Hon. Sheila G. Farmer, P. J. Hon. John W. Wise, J. and Hon. John F. Boggins, J. concur.