DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-Appellant Matthew Trakas has appealed the decision of the Lorain County Court of Common Pleas that designated him a sexual predator under R.C. 2950.09. This Court affirms.
 I
On February 17, 1993, Appellant pled guilty to attempted rape in violation of R.C. 2923.02(A) and 2907.02(A)(1)(b), attempted felonious penetration in violation of R.C. 2923.02(A) and 2907.12(A)(1)(b), and gross sexual imposition in violation of R.C. 2907.05(A)(4). On April 15, 1993, Appellant was sentenced to five to fifteen years for the attempted rape conviction, five to fifteen years for the attempted felonious penetration conviction, and two years for the gross sexual imposition conviction, with the sentences to run concurrently. Following a hearing on May 18, 2001, Appellant was adjudicated a sexual predator. Appellant has appealed the adjudication, asserting one assignment of error.
 II Assignment of Error The trial court erred in finding Appellant a sexual predator because the prosecution failed to show by clear and convincing evidence that Appellant was likely to engage in the future in one or more sexually oriented offenses and the finding was against the manifest weight of the evidence.
In his sole assignment of error, Appellant has argued that the state failed to show by clear and convincing evidence that he is likely to engage in the future in one or more sexually oriented offenses, and that the sexual predator classification was against the manifest weight of the evidence. Appellant testified at the sexual predator hearing that he had been trying to participate in sexual offender programs since his incarceration but the programs were not offered at the institution where he was being held. Appellant testified that he took classes through Ashland University, participated in a self-help program to build his self-esteem, lost weight, and worked in the prison infirmary. Appellant also testified that he has developed goals during his incarceration and did not feel that he would reoffend. Based on this testimony, Appellant has asserted that it was error to label him a sexual predator. This Court disagrees.
Sexual predator classification is governed by R.C. 2950.01 et seq. Pursuant to R.C. 2950.01(G)(3), an offender is "adjudicated as being a sexual predator" if:
 Prior to January 1, 1997, the offender was convicted of or pleaded guilty to, and was sentenced for, a sexually oriented offense, the offender is imprisoned in a state correctional institution on or after January 1, 1997, and the court determines pursuant to [R.C. 2950.09(C)] that the offender is a sexual predator.
Because Appellant was sentenced prior to the effective date of R.C.2950.09 and remained imprisoned after the effective date, the trial court was required to proceed under R.C. 2950.09(C), which provides:
 If a person was convicted of or pleaded guilty to a sexually oriented offense prior to January 1, 1997, * * * and if, on or after January 1, 1997, the offender is serving a term of imprisonment in a state correctional institution, the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator. * * * [T]he court is not bound by the department's recommendation and the court may conduct a hearing to determine whether the offender is a sexual predator.
R.C. 2950.09(C)(1); R.C. 2950.09(C)(2)(a).
R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Attempted rape and gross sexual imposition are sexually oriented offenses. R.C. 2950.01(D)(1) and (7). Therefore, the only issue before this Court is whether the trial court's conclusion that Appellant was likely to engage in the future in a sexually oriented offense is against the manifest weight of the evidence.
In reviewing the trial court's decision to adjudicate Appellant a sexual predator, "we must examine the record to determine whether sufficient evidence exists to meet the clear and convincing standard."State v. McKinney (Jan. 9, 2002), Medina App. No. 3207-M, unreported, at 4, citing Cross v. Ledford (1954), 161 Ohio St. 469, 477. "[T]he clear-and-convincing evidence standard require[s] the state to present evidence that would give the court a firm belief or conviction that [a] defendant [is] likely to commit another sexually oriented offense[.]"State v. Williams (2000), 88 Ohio St.3d 513, 533, quoting State v. Ward
(1999), 130 Ohio App.3d 551, 569. The clear and convincing evidence standard "is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." State v.Eppinger (2001), 91 Ohio St.3d 158, 164, quoting Cross,161 Ohio St. at 477.
"[T]he same standard [applies] in determining whether a sexual predator adjudication is against the manifest weight of the evidence as in reviewing a criminal conviction." State v. Linden (Feb. 2, 2000), Medina App. No. 2984-M, unreported, at *3. Therefore, this Court must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the [adjudication] must be reversed[.]
State v. Otten (1986), 33 Ohio App.3d 339, 340.
Appellant has argued that the determination that he is likely to commit a sexually oriented offense in the future is against the manifest weight of the evidence because the state did not establish that fact by clear and convincing evidence. This Court disagrees.
In determining whether an offender is likely to engage in one or more sexually oriented offenses in the future, i.e. is a sexual predator, R.C. 2950.09(B)(2) requires the trial court to consider all relevant factors including, but not limited to:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
The trial court must consider all factors under R.C. 2950.09(B)(2), but "[t]he State is not required to demonstrate every factor * * * before a defendant can be adjudicated a sexual predator." State v. Smith (June 2, 1999), Summit App. No. 18622, unreported, at 5. While both parties must be given the opportunity to present new evidence and call and examine witnesses, the statute does not mandate that evidence subsequent to the underlying event be presented at the sexual predator hearing. R.C.2950.09(B)(1). The Ohio Rules of Evidence do not strictly apply to sexual predator adjudication hearings. State v. Cook (1998), 83 Ohio St.3d 404,425; See, also, State v. Steckman (Feb. 9, 1999), Lorain App. No. 97CA006996, unreported, at 11-12. In making the sexual predator classification, the trial court may use reliable hearsay evidence such as presentence investigation reports and victim impact statements. Cook,83 Ohio St.3d at 425.
In support of his assignment of error Appellant has cited State v.Hall (2000), 138 Ohio App.3d 522. In Hall, the First District Court of Appeals reversed a sexual predator classification primarily due to the state's failure to present any new information about the defendant that had not been known before the hearing. This Court has consistently required only clear and convincing evidence, new or previously known, that a sexual offender is likely to commit another sexually oriented offense; the clear and convincing evidence standard does not require the presentation of new evidence at sexual predator hearings. See R.C.2950.09(B)(1); Williams, 88 Ohio St.3d at 533; State v. Britton (July 18, 2001), Lorain App. No. 00CA007723, unreported, appeal not allowed (2001), 93 Ohio St.3d 1474; State v. Smith (June 2, 1999), Summit App. No. 18622, unreported; State v. Haught (May 24, 2000), Summit App. No. 19762, unreported. This Court declines Appellant's request that we depart from our precedent by adopting the First District's new evidence requirement in sexual predator determinations.
In making its sexual predator determination, the trial court reviewed and considered the presentence investigation report, the nature of the offenses in the indictment, the facts of the case, and Appellant's statement at the hearing. During the hearing, Appellant admitted that when he was sixteen years old he committed gross sexual imposition against an eight-year-old girl he was babysitting. He also admitted the facts of the present case.
The judgment entry establishes that the trial court reviewed all the relevant evidence and considered the factors in R.C. 2950.09(B)(2). The trial court found factor (c), the age of the victim, especially relevant. The victim in the present case was five years old, and the victim in Appellant's admitted previous offense was eight years old. At the sexual predator hearing and in its judgment entry, the trial court highlighted R.C. 2950.09(B)(2)(b) and (f) by discussing Appellant's prior juvenile adjudication for gross sexual imposition and subsequent attempts at rehabilitation. Both at the hearing and in its judgment entry, the court emphasized "that any rehabilitation attempts by the Juvenile Court and/or intervention by Lorain County Children Services, including placement of [Appellant] at Stepping Stone [Group Home] were unsuccessful." The trial court also considered that Appellant had not received sex offender treatment for the 1993 convictions.[1]
Citing State v. Remines (June 23, 1999), Lorain App. No. 97CA006903, unreported, the trial court stated that the offenses committed by the appellant demonstrated a likelihood to reoffend because sexual molestation of young children involves a high rate of recidivism. In Remines, this Court confirmed that "the tender age of the victims may be considered inherently indicative of a strong likelihood to reoffend[.]" Id. at 6. This Court further reported that:
 [There is] overwhelming statistical evidence supporting the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. The age of the victim is probative because it serves as a telling indicator of the depths of offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable.
(citations omitted.) Id., quoting State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported, 1998 Ohio App. LEXIS 801. Contrary to Appellant's contention, the trial court was within its discretion to consider dicta from Remines in adjudicating Appellant a sexual predator; R.C. 2950.09(B)(2) does not limit what factors may be considered by the trial court.
After reviewing and weighing the evidence, this Court cannot conclude that the trial court clearly lost its way when it adjudicated Appellant a sexual predator. The judgment entry and hearing transcript verify that the trial court considered all factors relating to the case and set out the factors it found relevant in adjudicating Appellant a sexual predator. Contrary to Appellant's assertion, the state established by clear and convincing evidence that Appellant is likely to commit in the future one or more sexually oriented offenses. Sufficient evidence existed to give the trial court a firm belief that Appellant is a sexual predator. The trial court reasonably found that Appellant's desire to enroll in sex offender counseling, his participation in Ashland University classes and the self-help program, his weight loss, employment, and testimony concerning his likelihood to reoffend were outweighed by the other relevant factors. The trial court did not error in adjudicating Appellant a sexual predator. Therefore, Appellant's assignment of error is overruled.
 III
Appellant's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
CARR, P.J.
BATCHELDER, J. CONCUR
[1] The trial court acknowledged Appellant's testimony that he attempted to participate in sex offender treatment programs, but none were available where he was incarcerated. The court went on to note that, regardless of the reason, the fact remains that Appellant has not received sex offender treatment. This Court does not find the unavailability of sexual offender treatment at Appellant's institution relevant or persuasive on the question of likelihood to reoffend. Appellant has not argued that the state is required to provide sexual offender treatment while incarcerated. Accordingly, while successful completion of such a program, if provided, is a relevant factor in the trial court's sexual predator determination, Appellant cannot present his willingness to participate as proof of successful rehabilitation, especially in view of his demonstrated failure to profit from earlier rehabilitative intervention.