OPINION
{¶ 1} This is an appeal from the judgment of the Court of Common Pleas, Shelby County classifying Defendant-Appellant Randy L. Cathcart as a sexual predator pursuant to R.C. 2950.09(B).
 {¶ 2} Though made difficult by the failure of Appellant and Appellee to include a proper statement of facts within their respective briefs, we have been able to glean the following facts from the record. In the early morning hours of February 24, 2002, the Sidney Police Department received a call reporting a rape at the Comfort Inn on Michigan Street in Sidney. When police arrived on the scene they spoke with the complaining victim, a sixteen-year-old girl, who told the officers that her father, later identified as Appellant Randy Cathcart, had raped her.
 {¶ 3} The victim told the police that sometime during the evening of February 23, 2002, Cathcart had given her pills that made her sleepy and had allowed her to drink a beer while in his car. He then took the victim and her two siblings to the Comfort Inn to spend the night. Soon after arriving at the hotel, the victim went to sleep but later woke up to find her father kissing her and having intercourse with her. The victim reacted immediately by pushing her father off of her. The victim's younger sister, who was in a separate bed next to the one in which the victim slept, witnessed the assault. The victim's younger brother was also sleeping in the bed next to the victim's, but did not witness the assault.
 {¶ 4} Once pushed away, the victim says that her father told her to sleep on the bed with her sister and then directed her brother to move into the bed with him. The victim waited until it appeared that her father was sleeping and then snuck out of the hotel room accompanied by her younger sister to report the assault. Initially, Cathcart denied assaulting his daughter but then later told police he had engaged in consensual sex with his daughter for about two minutes until he realized it was wrong.
 {¶ 5} On March 25, 2002, Appellant Randy Cathcart entered a plea of no contest to one count of sexual battery, a violation of R.C. 2907.03, a felony of the third degree. On April 29, 2002, the trial court conducted a joint sentencing and sexual predator classification hearing. Notably, neither the state nor the defense presented witnesses for the purpose of mitigation or to assist the court in the sexual offender classification. The only evidence before the court on either issue was a presentence investigation report compiled by the Adult Parole Authority.
 {¶ 6} After hearing short statements from Cathcart and his defense counsel, the trial court sentenced Cathcart to a four-year prison term and immediately thereafter made the following findings: (1) The defendant had sexual relations with his 16 year old daughter, (2) that he did so by plying the victim with drugs and alcohol, (3) that there is evidence that this is not the first instance of sexual relations with the daughter, and (4) that the defendant may have some psychological and mental issues that may have contributed to the crime. Based on these findings, the trial court ordered that Cathcart be classified a sexual predator for purposes of sex offender registration and notification in accordance with OhioRevised Code, Section 2950. It is from order that Appellant now appeals.
 {¶ 7} Appellant asserts two assignments of error, both of which attack the propriety of the trial court's determination that he be classified a sexual predator. Because we find that the trial court's findings do not support a determination that Appellant is likely to engage in the future in one or more sexually oriented offenses, we reverse Appellant's classification as a sexual predator and remand this cause for re-hearing on the issue of Appellant's sexual offender classification.
 {¶ 8} Appellant's assignments of error, which we will address in order, are as follows:
 {¶ 9} "The trial court erred and acted contrary to law by expressly finding clear and convincing evidence that Defendant-Appellant Randy L. Cathcart, is a sexual predator pursuant to R.C. Section 2950.09(B), and thereby classifying said Defendant-Appellant as a sexual predator for purposes of sex offender registration and notification in accordance with Ohio Revised Code Chapter 2950."
 ¶ 10 "The trial court erred and acted contrary to law by improperly relying upon inaccurate information contained in the pre-sentence investigation report in classifying Defendant-Appellant, Randy L. Cathcart, as a sexual predator."
 First Assignment of Error ¶ 11 Appellant's first assignment of error, though poorly articulated, essentially argues that the trial court's decision to classify Appellant as a sexual predator is not supported by clear and convincing evidence in the record. For the reasons stated below, we agree.
¶ 12 A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.01(E) (emphasis added) The paramount purpose of the sexual predator statute, also known as "Megan's Law," is protecting children from those persons in society who would prey on them. State v. Overcash (1999),133 Ohio App.3d 90, 726 N.E.2d 1076. It is this purpose that makes the possibility of recidivism the key factor to an analysis of whether or not a sexual offender will be classified as a sexual predator. State v.Arter (Dec. 12, 2001), Logan App. No. 8-01-17, 2001-Ohio-2334. The circumstances of the underlying offense, no matter how abhorrent, are by themselves insufficient to support a sexual predator classification.State v. Eppinger, 91 Ohio St.3d 158, 165, 2001-Ohio-247, 743 N.E.2d 881. Rather, whether an offender is likely to reoffend sexually for purposes of sexual predator classification is determined by the application and examination of statutory factors. R.C. 2950.09(B)(3); State v.Robertson, 147 Ohio App.3d 94, 2002-Ohio-494, 768 N.E.2d 1207, ¶ 25.
¶ 13 R.C. 2950.09(B)(3) requires a trial court to consider the following factors in addition to any other factors it deems relevant:
¶ 14 "(a) The offender's age;
 ¶ 15 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 ¶ 16 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 ¶ 17 "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 ¶ 18 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 ¶ 19 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 ¶ 20 "(g) Any mental illness or mental disability of the offender;
 ¶ 21 "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 ¶ 22 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 ¶ 23 "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
 ¶ 24 When considering the aforementioned factors, there are no rigid rules requiring a certain number of findings to support a sexual predator classification. Instead, courts should apply the enumerated factors and consider the relevance, application, and persuasiveness of the individual circumstances on a case-by-case basis. State v.Robertson, 147 Ohio App.3d at ¶ 20. To that end, the court has discretion to determine what weight, if any, he or she will assign to each statutory guideline. State v. Thompson (2001), 92 Ohio St.3d 584,2001-Ohio-1288, 752 N.E.2d 276. Under certain circumstances it is possible that one sexually oriented conviction will support a sexual predator adjudication, so long as the offender is determined to be likely to reoffend based on the aforementioned statutory considerations. Statev. Eppinger (2001) 91 Ohio St.3d at 166-167.
¶ 25 Furthermore, in addition to the trial court's duty to make a finding that the offender is likely to reoffend, that determination must be supported by clear and convincing evidence on the record. R.C.2950.09(B)(4). Clear and convincing evidence is that measure or degree of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.State v. Schiebel (1990), 55 Ohio St.3d 71, 74, citing Cross v. Ledford
(1954), 161 Ohio St. 469. If a trial court's determination that a defendant is a sexual predator is supported by evidence legally sufficient to meet the clear and convincing standard of proof, it will be not be disturbed by a reviewing court. See State v. Anderson (November 9, 1999), Auglaize App. No. 2-99-15.
¶ 26 In order to fully ensure compliance with the aforementioned principals of law and to ensure the fairness of sexual predator hearings, the Ohio State Supreme Court in State v. Eppinger, supra, adopted a model procedure for sexual offender classification hearings.91 Ohio St.3d at 166. The model delineated three ultimate objectives present in every sexual predator hearing. The first objective of any sexual predator hearing, as stated by the Eppinger decision, is the preservation of a record for appellate review. Id. This objective entails the prosecutor and defense counsel identifying on the record "those portions of the trial transcript, victim impact statements, presentence report, and other pertinent aspects of the defendant's criminal and social history that both relate to the factors set forth in R.C. 2950.09(B)(2) and are probative of the issue of whether the offender is likely to engage in the future in one or more sexually oriented offenses." Id.
¶ 27 The second objective, outlined by the Eppinger court, includes considering the need for expert testimony to assist the trial court in determining whether the offender is likely to engage in the future in one or more sexually oriented offenses. "Either side should be allowed to present expert opinion by testimony or written report to assist the trial court in its determination, especially when there is little information available beyond the conviction itself." Id.
¶ 28 The third and final objective in sexual predator hearing is the consideration of the statutory factors listed in R.C. 2950.09(B)(3). The trial court is not required to list each and every criteria but "should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." Id. at 167, citing State v. Thompson (2001),92 Ohio St.3d 584, 2001-Ohio-1288, 752 N.E.2d 276.
¶ 29 The sexual predator hearing conducted sub judice falls far short of the model established by the Ohio State Supreme Court in Statev. Eppinger. First of all, neither the state nor the defense assisted the court in its determination by presenting evidence, witnesses or otherwise pointing out factors in the record that would indicate that one classification or the other was appropriate. When the trial court asked the prosecution if it wished to present evidence on the issue of sexual offender classification, the state merely stated, "we would just submit to the Court the pre-sentence investigation and * * * this case file." Second, the trial court rendered its decision to classify Appellant as a sexual predator without so much as a discussion about recidivism much less a finding that the Appellant was likely to offend. And while the trial court stated that its decision was based on four findings of fact, the court failed to discuss in what ways those findings corresponded to the factors in R.C. 2950.09(B)(3) or in what way, if any, those findings indicated that Appellant would commit another sexual offense in the future.
¶ 30 Additionally, the trial court's judgment entry of sentencing does not comply with R.C. 2950.09(B)(4) which provides that the court "shall specify in the offender's sentence and the judgment of conviction
that contains the sentence" that the court has determined that the offender is a sexual predator and shall specify that the determination was pursuant to R.C. 2950.09(B). (emphasis added) The judgment entry of sentencing entered by the trial court below does not reference Appellant's sexual predator status or the factors used to establish such a status. We recognize that the record includes a Judgment Entry Following Sexual Predator Hearing in which the trial court literally checked a box to indicate that it had found clear and convincing evidence that Appellant was a sexual predator pursuant to R.C. 2950.09(B). However, we find that checking a box on a pre-formatted judgment entry does not comply with the statutory mandate in R.C. 2950.09(B)(4), nor does it cure the failure of the trial court to discuss at the hearing its findings relevant to the statutory factors indicating Appellant's likeliness of recidivism.
¶ 31 Even in the event that the trial court had complied with statutory guidelines and had properly examined and discussed the Appellant's likelihood of recidivism, we would still find that the trial court's decision to classify Appellant as a sexual predator to be unsupported by clear and convincing evidence in the record. The trial court heard no testimony, expert or otherwise, on the issue of Appellant's likelihood to reoffend. For its part, the prosecution failed to point out factors in the record that that would support a finding that Appellant was a sexual predator. The only evidence before the court, aside from the facts in the complaint, was the presentence investigation report (PSI).
¶ 32 As previously stated above, while it is impermissible to relysolely on the underlying conviction, a court may consider the facts of the underlying crime as a basis for a sexual predator determination.State v. Eppinger (2001), 91 Ohio St.3d at 167. Likewise, it is well settled that the Ohio Rules of Evidence do not strictly apply to sexual predator classification hearings, thus, the trial court may depend upon reliable hearsay, such as a presentence investigation report. State v.Cook (1998), 83 Ohio St.3d 404, 700 N.E.2d 570; R.C. 2950.01. Therefore, the admissibility of the PSI is not at issue nor is propriety of the court's consideration of the underlying offense; rather, the question is whether the information therein was fully considered by the court and whether the report contained a sufficient amount of evidence to classify Appellant as a sexual predator.
¶ 33 Here, the PSI examined by the trial court makes no mention of the possibility that Appellant would commit future sexual offenses. The report does not indicate that Appellant was examined by a mental health professional or assessed for recidivism factors by other qualified personnel. In fact, the report contains no professional opinion or recommendation of any kind. As previously stated, the trial court based its determination that Appellant was a sexual predator on four findings of fact it claims to have drawn from the PSI: 1) the victim was Appellant's sixteen-year old daughter, (2) Appellant effectuated his crime by plying the victim with drugs and alcohol, (3) Evidence in the PSI indicated that Appellant had done this to the victim on previous occasions and (4) Evidence in the PSI indicated that Appellant's psychological and mental issues contributed to the crime.
¶ 34 While we do not dispute the trial court's first three findings of fact, we do take issue with the fourth. In a portion of the PSI labeled "Present Condition of the Defendant," the author made the following statement: "Mr. Cathcart stated he received mental health counseling at the Mental Health Clinic in Sidney about 14-15 years ago after an automobile accident in which 3 people were killed." From this statement the trial court determined Appellant had mental issues contributing to the crime. We find this conclusion to be unsupported, overreaching, and beyond the court's qualifications as a non-mental health professional. Moreover, we are not convinced that the remaining three findings are enough to base a sexual predator determination without some other evidence or discussion indicating each factor's relation to Appellant's possible recidivism.
¶ 35 Our conclusion today follows the lead of several Ohio Appellate Districts who have rendered decisions enforcing a well-informed determination that a sexual offender is likely to commit sexual offenses in the future. See State v. Grimes (2001), 143 Ohio App.3d 86,757 N.E.2d 413 (Clear and convincing evidence did not support classifying defendant as a sexual predator, although defendant was convicted of gross sexual imposition as a juvenile, and of rape as an adult, where trial court did not make requisite findings supporting conclusion that defendant was likely to commit sexual offenses in the future); State v.Hall (2000), 138 Ohio App.3d 522, 741 N.E.2d 910 (Evidence did not support classification of defendant as sexual predator, as prosecution failed to sufficiently show that he was likely to engage in future in one or more sexually oriented offenses; balance of evidence adduced at sexual-predator hearing disclosed nothing more than what was known before hearing, i.e., that defendant had, almost six years previously, pleaded guilty to and been convicted of committing, almost eight years previously, three sexually-oriented offenses) The Sixth District Court of Appeals has gone one step further to require expert testimony on the issue of appellant's likelihood of committing one or more sexually oriented offenses in the future. State v. Justice (June 21, 2002), Ottawa App. No. OT-01-042, 2002-Ohio-3146, ¶ 23. Though we have declined to adopt such a standard and continue to do so today, we do find that in circumstances where a trial court has little evidence to assist it in determining whether a defendant is likely to reoffend, such as in this case, expert testimony would aid the trial court in coming to a well-informed decision.
¶ 36 In State v. Overcash, 133 Ohio App.3d 90, 95, 726 N.E.2d 1076, citing State v. Cook, 83 Ohio St3d at 422, this court stated, "The trial courts of Ohio must accurately identify and classify as sexual predators only those convicted pedophiles who pose the greatest risk to children. The registration/notification provisions of R.C. Chapter 2950 are narrowly tailored to comport with the respective dangers and recidivism levels of the different classifications of sex offenders. Therefore, we must insist that the trial court's determination be precise." In Wayne, we affirmed the trial court's classification of the defendant as a sexual predator based on voluminous testimony proffered by the offender's family members and mental health professionals concerning other sexual acts committed by the offender against other children. Furthermore, in the Wayne case, the trial court had before it an extensive sex offender assessment report which stated that Wayne was likely to reoffend. Accordingly, we found that there was clear and convincing evidence to support a sexual predator classification. The case sub judice is distinguishable from Wayne since as we've already pointed out, the trial court had only a brief PSI which revealed nothing with respect to possible future offenses by the Appellant.
¶ 37 In conclusion, we point out that "if we were to adjudicate all sexual offenders as sexual predators, we run the risk of `being flooded with a number of persons who may or may not deserve to be classified as high-risk individuals, with the consequence of diluting both the purpose behind and the credibility of the law. This result could be tragic for many.'" State v. Eppinger, 91 Ohio St.3d at 165, citingState v. Thompson (Apr. 1, 1999), Cuyahoga App. No. 73492. Here, Appellant's conviction for sexual battery qualified as sufficient evidence to meet the first prong of R.C. 2950.01(E) because it is a "sexually oriented offense." However, the trial court failed to make the requisite findings that the second prong had been met, that Appellant posed a strong likelihood of recidivism. Furthermore, we find that the trial court was provided with insufficient evidence to satisfy the second prong.
¶ 38 For the reasons stated above, Appellant's first assignment of error is sustained, thereby making it unnecessary to consider the remaining assignment of error. It is therefore the order of this Court that the judgment of the Court of Common Pleas, Shelby County isREVERSED and the cause REMANDED to that court for a new hearing on the matter of Appellants sexual offender classification.
Judgment Reversed.
 SHAW, P.J., concurs in judgment only:
 {¶ 39} I agree with the judgment of this court that based in large part upon the failure of counsel for either side to either marshal or corroborate the available evidence in this case in a manner that would provide better assistance to the trial court, the findings and judgment entry of that court are not are not in sufficient compliance with the relevant statutes and decisions of the Supreme Court of Ohio, duly noted in the majority opinion, to properly support the sexual predator determination in this case. To this extent only, I concur in the judgment of reversal.
 {¶ 40} I do not concur with the majority conclusion that the available evidence in the record could not support a clear and convincing determination of sexual predator status. The findings made by the trial court referring to the forcible sexual relations with his sixteen year old daughter, the drugs and/or alcohol and the indications that this is not an isolated instance, fail to note that the record also reflects that this incident took place in the presence of appellant's two other minor children, ages 11 and 9 who were in the hotel room at the time.
 {¶ 41} According to the PSI, the nine-year-old daughter was watching TV and witnessed the appellant having forcible sex with her sixteen-year-old sister. In my view, the fact that she was not only in the room but watching TV, demonstrates an awareness on the part of appellant that the nine year old would witness the sexual assault. In any event, these circumstances clearly permit inferences as to the intentional involvement of and harm to, if not the potential recruitment by intimidation of the younger sister for appellant's later sexual activity, and thereby provide the support for a finding of likely recidivism which the majority seems to believe is lacking in this record.